THE SCHNEIDER GROCERY COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12823. Promulgated June 30, 1948.

*Roger K. Powell, Esq.*, for the petitioner.
*John O. Durkan, Esq.*, for the respondent.

OPINION.

LeMire, *Judge*: We think that the Commissioner's disallowance of the amount in question in computing the petitioner's excess profits credit was in accordance with the statute. Section 711 (b) (1) (E) provides that in computing the base period excess profits income "Deductions under section 23 (f) * * * shall not be allowed." The petitioner does not deny that it claimed the deduction of the amount of $14,740.28 in its 1937 return under section 23 (f), or that the deduction was allowed, but it contends that all or a part of such amount represented ordinary and necessary expenses which are not required to be disallowed in computing base period income.

It is to be noted that in this case the petitioner opposes the disallowance of the casualty loss under section 711 (b) (1) (E), whereas, in the usual case the petitioner seeks to benefit from the disallowance, in order to gain an increase of average base period net income. The respondent explains this reversal of positions in his brief thus:

* * * In the instant case, should petitioner prevail, its excess profits net income for 1937 will be decreased but its base period income will be increased due to the application of section 713 (f), the so-called "growth formula."

However, the petitioner has not asserted in this proceeding any claim under section 713 (f). The allegations of error, as set forth in the petition, are the Commissioner's:

* * * Failure to exclude from the excess profits net income for the year 1937, as used in computing petitioner's excess profits credit, the sum of $7,976.24 [also $6,764.04, making a total of $14,740.28] erroneously included in said income as an abnormal loss, due to casualty.

Aside from the fact that the evidence falls far short of proving what part, if any, of the amount in question might properly have been treated in the 1937 return as ordinary and necessary expenses, the petitioner's contentions are not well founded under the law. The statute requires the disallowance not of *losses* in the nature of casual-

ties, but of "*Deductions* under section 23 (f)."   (Emphasis supplied.) We pointed that out in *Consolidated Motor Lines, Inc.*, 6 T. C. 1066. The amounts there in dispute were not taken as loss deductions and did not come under section 711 (b) (1) (E).   In the instant case the disputed amount was taken and allowed as a deduction under section 23 (f).   The statute therefore requires its disallowance.

*Decision will be entered under Rule 50.*