**ATLANTIC GREYHOUND CORP. v. UNITED STATES.**

No. 50251.

United States Court of Claims.

May 5, 1953.

George T. Christie, Chicago, Ill., for plaintiff.

J. W. Hussey, Washington, D. C., with whom was Charles S. Lyon, Asst. Atty. Gen., Andrew D. Sharpe and A. F. Prescott, Washington, D. C., were on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

This is an action to recover excess profits taxes for the years 1942 and 1943 assessed against and paid by plaintiff, a common carrier of passengers by motorbus. The facts have been stipulated, and the

only issues before us are the legal conclusions to be drawn from those facts.

Plaintiff contends that in computing its excess profits tax liability for the years here involved, its base period excess profits net income should be adjusted by disallowing, pursuant to the provisions of section 711(b) (1) (E) of the Internal Revenue Code, 26 U.S.C. § 711(b) (1) (E), the cost of repairs to its buses in the base period due to accidents. This expenditure was deducted in the base period year as part of "Cost of Operations". The effect of the disallowance plaintiff seeks would be to increase its excess profits credits for the years 1942 and 1943, and thus to lower its excess profits taxes for those years.

It is defendant's position (1) that the deductions were correctly taken and allowed in plaintiff's return for the base period year as ordinary and necessary expenses incurred in carrying on plaintiff's business, and (2) that plaintiff, in computing its excess profits tax liability for the years here involved, is foreclosed from claiming, under section 711(b) (1) (E) of the Code, that the cost of repairs was a casualty loss, since the deductions were claimed and allowed in the base period year as expense items.

The stipulated facts disclose that plaintiff, a Virginia corporation, was entitled to to use its excess profits net income for the calendar year 1938 as its average base period net income in determining its excess profits credits for the years 1942 and 1943. During the base period year, buses belonging to plaintiff were involved in a number of accidents as a result of which they were damaged. The cost of repairs to the buses, for which plaintiff was not compensated by insurance or otherwise, was $24,766.60. Similar accidents in 1937 and 1939 caused damage to plaintiff's buses in total amounts of $20,068.80 and $26,162.65, respectively.

In filing its income tax returns for 1937, 1938, and 1939, the respective amounts representing expenditures for repairs to buses damaged in accidents were deducted by plaintiff and allowed by the Commissioner of Internal Revenue as an expense deduction. No deductions were claimed in the space provided for entering "Losses by fire, storm, shipwreck, or other casualty, or theft."

In its excess profits tax returns for the years 1942 and 1943, however, plaintiff entered the amounts above referred to in the space provided for "Casualty, demolition, and similar losses." Plaintiff thus claimed the expenditures to be unallowable deductions in determining its excess profits net incomes for 1937, 1938, and 1939.

The Commissioner of Internal Revenue objected to this treatment of the expenditures, and considered them as allowable deductions in determining plaintiff's excess profits net incomes for those years. Timely additional assessments of excess profits taxes were made against plaintiff, and the additional assessments with interest were satisfied, as set forth fully in finding 8.

On December 16, 1948, plaintiff filed timely claims for refund of excess profits taxes paid in the amounts of $21,175.45 and $18,098.65 for the calendar years 1942 and 1943 respectively. The basis for these claims was stated:

> "Contrary to the provisions of Section 711(b) (1) (E) of the Internal Revenue Code, casualty losses sustained by taxpayer during its base period were erroneously deducted in determining the base period net income used in computing its excess profit credit."

The claims for refund were thereafter rejected on the ground that in plaintiff's business the repairs of accidental bus collision damages were ordinary and necessary expenses, and not casualty losses as contemplated by the statute. The parties have stipulated that if plaintiff is entitled to recover in this action, the amount of the recovery should be reduced by deficiencies in income taxes for 1942 and 1943 which would result from the determination of any overpayment of excess profits taxes for those years.

Section 711(b) (1) (E) of the Internal Revenue Code, pursuant to which plaintiff seeks to adjust its base period excess profits net income, provides as follows:

> "§ 711. Excess profits net income
>
> \*   \*   \*   \*   \*   \*
>
> "(b) Taxable years in base period.

"(1) General rule and adjustments. The excess profits net income for any taxable year subject to the Revenue Act of 1936 shall be the normal-tax net income, as defined in section 13(a) of such Act; and for any other taxable year beginning after December 31, 1937, and before January 1, 1940, shall be the special-class net income, as defined in section 14(a) of the applicable revenue law. In either case the following adjustments shall be made (for additional adjustments in case of certain reorganizations, see section 742 (e)):

\*   \*   \*   \*   \*   \*

"(E) Casualty, demolition, and similar losses. Deductions under section 23(f) for losses arising from fires, storms, shipwreck, or other casualty, or from theft, or arising from the demolition, abandonment, or loss of useful value of property, not compensated for by insurance or otherwise, shall not be allowed;"

The Revenue Act of 1938, 52 Stat. 447, provides in pertinent part as follows:

"§ 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

"(a) Expenses

"(1) \* \* \* In general. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, \* \* \*.

\*   \*   \*   \*   \*   \*

"(f) Losses by corporations. In the case of a corporation, losses sustained during the taxable year and not compensated for by insurance or otherwise." 26 U.S.C. § 23.

The first issue raised by the parties is whether expenditures representing the cost of repairs to plaintiff's buses occasioned by accidents in 1938 were deductible in plaintiff's income tax return for that year as "ordinary and necessary expenses" under section 23(a) (1) of the Revenue Act of 1938, supra, or as "losses sustained during the taxable year and not compensated for by insurance or otherwise," [1] under section 23(f) of the Act.

Reading the words of the statute in their obvious meaning, the provisions for deductions of "ordinary and necessary expenses" and "casualty losses" would seem to be mutually exclusive,[2] for the normal connotation of the one negates, at least by implication, the idea of the other. It must be recognized, however, that in practice the distinction is sometimes ephemeral,[3] and as the Supreme Court said in Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 9, 78 L.Ed. 212, with reference to the phrase "ordinary and necessary expense":

"Here, indeed, as so often in other branches of the law, the decisive distinctions are those of degree and not of kind. One struggles in vain for any verbal formula that will supply a ready touchstone. The standard set up by the statute is not a rule of law; it is rather a way of life. Life in all its fullness must supply the answer to the riddle."

On the facts before us, the distinction, while decisive, is indeed one of degree and not of kind. We think, however, that plaintiff has not sustained a casualty loss within the intent and meaning of the statute, but rather that the expenditure was correctly deducted as an ordinary and necessary business expense.

During the year 1938, plaintiff had an average of 243 buses in service, averaging 8,029 bus miles per month per bus operated. Thus, plaintiff's buses traveled almost 2,000,000 miles per month during that year. Under such circumstances, accident colli-

---

1. Section 711(b) (1) (E), pursuant to which plaintiff seeks here to adjust its excess profits net income for the base period year, provides that "Deductions under section 23(f) *for losses arising from fires, storms, shipwreck, or other casualty,* \* \* \* shall not be allowed". [Italics added.]

2. See Boston Molasses Co. v. Commissioner, 1 Cir., 155 F.2d 45.

3. Paul and Mertens, Law of Federal Income Taxation, § 26.34. In a footnote to this section the authors comment that "It is striking how often the deduction is claimed in the alternative."

sion damage was expected, normal, and inevitable, and the cost of repairing such damage was an ordinary and necessary expense of doing business.

Plaintiff's expenditures for bus repairs due to accidents in 1938 amounted to $24,766.60. Although we do not have before us the number of buses in service during 1937 and 1939, the record reveals expenditures for repairs in those years of $20,068.80 and $26,162.65, respectively. The relative consistency in amounts is readily apparent. Such consistency, indicating a normal and recurring expense, is the antithesis of what Congress intended to provide for when it enacted section 23(f) as it relates to casualty losses.[4] The conclusion is inescapable that bus accidents, with their consequent cost of repairs, are an ordinary and necessary concomitant of carrying on the business which plaintiff operated.

We do not think that under the circumstances of this case the cost of repairs may properly be considered a casualty loss within the meaning of the statute. See Jones v. Smith, 10 Cir., 193 F.2d 381, certiorari denied 343 U.S. 952, 72 S.Ct. 1046, 96 L.Ed. 1353. What might, in a different setting, be a casualty loss can more correctly and appropriately be catalogued here as an ordinary and necessary business expense, for in fact that is what the expenditures represented.

Defendant has also advanced the argument that plaintiff is foreclosed from claiming under section 711(b) (1) (E) that the expenditures were casualty losses, since in its income tax return for the base period year the deduction was claimed by plaintiff and allowed by the Commissioner as an expense item. In view of our conclusion above, we need not decide the issue. The Tax Court, in Consolidated Motor Lines, Inc., 6 T.C. 1066, Schneider Grocery Co., 10 T.C. 1275, and Veeder-Root, Inc., 11 T.C. 602, has considered the problem and sustained defendant's position.

4. The legislative history of section 711(b) (1) (E) indicates that the Congressional intent in enacting that statute did not include expenditures of the type here involved. House Report No. 2894, 76th Cong., 3d Sess., in discussing the provi-

From what we have said, it follows that plaintiff's excess profits tax liability for the years 1942 and 1943 was correctly computed and assessed, and the petition will therefore be dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN, WHITAKER and LITTLETON, Judges concur.

sion for the disallowance of casualty losses, states, at p. 8:

"The adjustment of income to take care of these *unusual and nonrecurring items* makes for equity and the removal of hardships which otherwise would occur." [Italics added.]